UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re CV THERAPEUTICS, INC. SECURITIES LITIGATION | No. C-03-3709-SI |
| | CLASS ACTION |
| This Document Relates To: | [PROPOSED] FINAL JUDGMENT AND ORDER OF DISMISSAL WITH PREJUDICE |
| ALL ACTIONS. | DATE: March 9, 2007<br>TIME: 9:00 a.m.<br>COURTROOM: The Honorable Susan Illston |

This matter came before the Court for hearing pursuant to an Order of this Court, filed December 18, 2006, on the application of the Settling Parties for approval of the settlement set forth in the Stipulation of Settlement dated as of October 16, 2006 (the "Stipulation"). Due and adequate notice having been given of the settlement as required in said Order, and the Court having considered all papers filed and proceedings held herein and otherwise being fully informed in the premises and good cause appearing therefore, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that:

1. This Judgment incorporates by reference the definitions in the Stipulation, and all terms used herein shall have the same meanings set forth in the Stipulation.

2. This Court has jurisdiction over the subject matter of the Litigation and over all parties to the Litigation, including all Members of the Class.

3. Except as to any individual claim of those Persons (identified in Exhibit 1 attached hereto) who have validly and timely requested exclusion from the Class, the Litigation and all claims contained therein, including all of the Released Claims, are dismissed with prejudice as to the Lead Plaintiff and the other Members of the Class, and as against each and all of the Released Persons. The parties are to bear their own costs, except as otherwise provided in the Stipulation.

4. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, this Court hereby approves the settlement set forth in the Stipulation and finds that said settlement is, in all respects, fair, reasonable, and adequate to, and is in the best interests of, the Lead Plaintiff, the Class and each of the Class Members. This Court further finds the settlement set forth in the Stipulation is the result of arm's-length negotiations between experienced counsel representing the interests of the Lead Plaintiff, the Class Members and the Defendants. Accordingly, the settlement embodied in the Stipulation is hereby approved in all respects and shall be consummated in accordance with its terms and provisions. The Settling Parties are hereby directed to perform the terms of the Stipulation.

5. Upon the Effective Date, the Lead Plaintiff and each of the Class Members shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever released, relinquished and discharged all Released Claims against the Released Persons, whether or not such Class Member executes and delivers a Proof of Claim and Release form.

6. Upon the Effective Date, all Class Members and anyone claiming through or on behalf of any of them, will be forever barred and enjoined from commencing, instituting, prosecuting, or continuing to prosecute any action or other proceeding in any court of law or equity, arbitration tribunal, or administrative forum, asserting the Released Claims against any of the Released Persons.

7. Upon the Effective Date hereof, each of the Released Persons shall be deemed to have, and by operation of this Judgment shall have, fully, finally, and forever released, relinquished and discharged the Lead Plaintiff, each and all of the Class Members, and Lead Counsel from all claims (including Unknown Claims), arising out of, relating to, or in connection with the institution, prosecution, assertion, settlement or resolution of the Litigation or the Released Claims.

8. The distribution of the Notice of Pendency and Proposed Settlement of Class Action and the publication of the Summary Notice as provided for in the Stipulation and Order Preliminarily Approving Settlement and Providing for Notice constituted the best notice practicable under the circumstances, including individual notice to all Members of the Class who could be identified through reasonable effort. Said Notice provided the best notice practicable under the circumstances of those proceedings and of the matters set forth therein, including the proposed settlement set forth in the Stipulation, to all Persons entitled to such notice, and said Notice fully satisfied the requirements of Federal Rule of Civil Procedure 23, the requirements of due process, and any other applicable law.

9. Any plan of allocation submitted by Lead Counsel or any order entered regarding the attorneys' fee and expense application shall in no way disturb or affect this Final Judgment and shall be considered separate from this Final Judgment.

10. Neither the Stipulation nor the settlement contained therein, nor any act performed or document executed pursuant to or in furtherance of the Stipulation or the settlement: (a) is or may be deemed to be or may be used as an admission of, or evidence of, the validity of any Released Claim, or of any wrongdoing or liability of the Defendants or their Related Parties; or (b) is or may be deemed to be or may be used as an admission of, or evidence of, any fault or omission of any of the Defendants or their Related Parties in any civil, criminal, or administrative proceeding in any court,

administrative agency or other tribunal. Defendants and/or their Related Parties may file the Stipulation and/or the Judgment in any other action that may be brought against them in order to support a defense or counterclaim based on principles of *res judicata*, collateral estoppel, release, good faith settlement, judgment bar or reduction, or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim.

11. Without affecting the finality of this Judgment in any way, this Court hereby retains continuing jurisdiction over (a) implementation of this settlement and any award or distribution of the Settlement Fund, including interest earned thereon; (b) disposition of the Settlement Fund; (c) hearing and determining applications for attorneys' fees and expenses in the Litigation; and (d) all parties hereto for the purpose of construing, enforcing and administering the Stipulation.

12. The Court finds that during the course of the Litigation, the Settling Parties and their respective counsel at all times complied with the requirements of Federal Rule of Civil Procedure 11.

13. In the event that the settlement does not become effective in accordance with the terms of the Stipulation or the Effective Date does not occur, or in the event that the Settlement Fund, or any portion thereof, is returned to the Defendants, then this Judgment shall be rendered null

1 and void to the extent provided by and in accordance with the Stipulation and shall be vacated and,

2 in such event, all orders entered and releases delivered in connection herewith shall be null and void

3 to the extent provided by and in accordance with the Stipulation.

    IT IS SO ORDERED.

DATED: 3/9/07      /s/ Susan Illston
THE HONORABLE SUSAN ILLSTON
UNITED STATES DISTRICT JUDGE

Submitted by,

LERACH COUGHLIN STOIA GELLER
  RUDMAN & ROBBINS LLP
PATRICK J. COUGHLIN
JEFF D. FRIEDMAN
SHANA E. SCARLETT
SYLVIA WAHBA KELLER
100 Pine Street, Suite 2600
San Francisco, CA 94111
Telephone: 415/288-4545
415/288-4534 (fax)

LERACH COUGHLIN STOIA GELLER
  RUDMAN & ROBBINS LLP
WILLIAM S. LERACH
JOY ANN BULL

      s/ Joy Ann Bull
      JOY ANN BULL

655 West Broadway, Suite 1900
San Diego, CA 92101
Telephone: 619/231-1058
619/231-7423 (fax)

Counsel for Lead Plaintiff and the Class

S:\Settlement\CV Therapeutics.set\JGT FINAL 00039513.doc

[PROPOSED] FINAL JUDGMENT AND ORDER OF DISMISSAL WITH PREJUDICE
- C-03-3709-SI - 4 -

# EXHIBIT 1

EXCL00001*



RECEIVED DDS

JAN 3 0 2007

CLAIMS CENTER

**CV THERAPEUTICS SECURITIES LITIGATION**
Claims Administrator
C/o Gilardi & Co. LLC
PO Box 8040
San Rafael, CA 94912-8040

Please exclude the John H. Newman and Nancy C. Newman Family Trust dtd 3/18/1993 and John H. Newman and Nancy Newman, Trustees, from the Settlement Class for **In re CV Therapeutics, Inc. Securities Litigation, No. C-03-3709-SI**.

Details of purchases and sales CV Therapeutics during the class period are as follows:

| Security | Shares | Bought | Sold |
|---|---|---|---|
| CVTX | 2,000.000 | 8/4/2003 | 8/4/2003 |
| CVTX | 1,000.000 | 10/31/2003 | 10/31/2003 |
| CVTX | 1,000.000 | 10/31/2003 | 10/31/2003 |
| CVTX | 500.000 | 10/31/2003 | 10/31/2003 |
| CVTX | 500.000 | 10/31/2003 | 10/31/2003 |
| CVTX | 500.000 | 10/31/2003 | 10/31/2003 |
| CVTX | 500.000 | 10/31/2003 | 10/31/2003 |
| CVTX | 500.000 | 10/31/2003 | 10/31/2003 |
| CVTX | 500.000 | 10/31/2003 | 10/31/2003 |
| CVTX | 500.000 | 10/31/2003 | 10/31/2003 |
| CVTX | 500.000 | 10/31/2003 | 10/31/2003 |
| CVTX | 500.000 | 10/31/2003 | 10/31/2003 |
| CVTX | 1,000.000 | 10/31/2003 | 10/31/2003 |
| CVTX | 1,000.000 | 11/3/2003 | 11/5/2003 |
| CVTX | 1,000.000 | 11/3/2003 | 11/5/2003 |
| CVTX | 1,000.000 | 11/3/2003 | 11/6/2003 |
| CVTX | 1,000.000 | 11/3/2003 | 11/6/2003 |
| CVTX | 2,000.000 | 12/8/2003 | 12/8/2003 |
| CVTX | 2,000.000 | 12/8/2003 | 12/15/2003 |
| CVTX | 2,000.000 | 12/8/2003 | 12/15/2003 |
| CVTX | 2,000.000 | 12/8/2003 | 12/15/2003 |
| CVTX | 1,000.000 | 5/12/2004 | 5/12/2004 |
| CVTX | 1,000.000 | 5/12/2004 | 5/12/2004 |

John H. Newman and Nancy C. Newman
Family Trust dtd 3/18/1993
John H. Newman and/or Nancy C. Newman, Trustees
312 Devonshire Blvd
San Carlos, CA 94070

*[signatures: John H. Newman, Nancy C. Newman]*

**Exhibit 1**

Return address (handwritten):
Newman
312 Devonshire
S. San Carlos, CA 94070

Postmark: SAN FRANCISCO CA 941
29 JAN 2007 PM 1 L

RECEIVED
JAN 30 2007
CLAIMS CENTER

CV Therapeutics Securities Litigation
Claims Administrator
c/o Gilardi & Co. LLC
P.O. Box 8040
San Rafael, CA 94912-8040

CVTH1

CV Therapeutics Securities Litigation
Claims Administrator

Dear Sir:

This letter is to inform you that we want to be excluded from In Re CV Therapeutics Inc. Securities Litigation, No. C-03-3709-51.

We owned 250 shares of stock, however, they were purchased on July 2, 2002 and sold Sept. 10, 2003.

Sincerely,

Rock Leone
Audrey J. Leone

Rock Leone
Audrey J. Leone
276 No. El Camino Real #160
Oceanside, Calif. 92054-174

LEONE
276 N. EL CAMINO REAL #160
OCEANSIDE, CA 92057

SAN DIEGO CA 921
10 FEB 2007 PM 10 L

CV Therapeutics Securities Litigation
Claims Administrator
c/o Gilardi & Co. LLC
P.O. Box 8040
San Rafael, CA 94912-8040

CVTH1

| | |
|---|---|
| 1 | CERTIFICATE OF SERVICE |
| 2 | I hereby certify that on March 9, 2007, I electronically filed the foregoing with the Clerk of |
| 3 | the Court using the CM/ECF system which will send notification of such filing to the e-mail |
| 4 | addresses denoted on the attached Electronic Mail Notice List, and I hereby certify that I have |
| 5 | mailed the foregoing document or paper on March 2, 2007 via the United States Postal Service to the |
| 6 | non-CM/ECF participants indicated on the attached Manual Notice List. |
| 7 | I further certify that I caused this document to be forwarded to the following designated |
| 8 | Internet site at: http://securities.lerachlaw.com/. |

 s/ Joy Ann Bull
 JOY ANN BULL

 LERACH COUGHLIN STOIA GELLER
 RUDMAN & ROBBINS LLP
 655 West Broadway, Suite 1900
 San Diego, CA 92101-3301
 Telephone: 619/231-1058
 619/231-7423 (fax)

 E-mail: Joyb@lerachlaw.com

# Mailing Information for a Case 3:03-cv-03709-SI

## Electronic Mail Notice List

The following are those who are currently on the list to receive e-mail notices for this case.

- **Elizabeth Aida Acevedo**
  eacevedo@kellergrover.com

- **Jennie Lee Anderson**
  jenniea@lerachlaw.com

- **Patrick J. Coughlin**
  patc@lerachlaw.com e_file_sf@lerachlaw.com

- **Paul H. Dawes**
  paul.dawes@lw.com

- **Jeff D Friedman**
  JFriedman@lerachlaw.com

- **Sean M. Handler, Esq**
  ecf_filings@sbtklaw.com der_filings@sbtklaw.com.com

- **Robert A. Jigarjian**
  CAND.USCOURTS@CLASSCOUNSEL.COM

- **Michele D. Johnson**
  Michele.Johnson@lw.com Beverly.Wilkinson@lw.com

- **Reed R. Kathrein**
  reedk@lerachlaw.com e_file_sf@lerachlaw.com;e_file_sd@lerachlaw.com

- **William S. Lerach**
  e_file_sd@lerachlaw.com

- **Darren J. Robbins**

- **Shana Eve Scarlett**
  shanas@lerachlaw.com e_file_sd@lerachlaw.com;e_file_sf@lerachlaw.com

- **Peter Todd Snow**
  peter.snow@lw.com carmela.ene@lw.com

- **John C. Tang**
  john.tang@lw.com kerry.markus@lw.com

- **Sylvia Wahba**
  sylviaw@lerachlaw.com e_file_sd@lerachlaw.com;e_file_sf@lerachlaw.com

## Manual Notice List

The following is the list of attorneys who are **not** on the list to receive e-mail notices for this case (who therefore require manual noticing). You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

- (No manual recipients)